UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANGEL MARTINEZ, | Case No.: 4:19 CV 948 |
| Petitioner | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| MARK K. WILLIAMS, | MEMORANDUM OF OPINION AND ORDER |
| Respondent | |

*Pro se* Petitioner Angel Martinez, an inmate at FCI Elkton, filed the above-captioned Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He challenges a prison disciplinary hearing, claiming he received ineffective assistance of a staff member and was denied due process. He seeks expungement of his disciplinary conviction. In addition, Petitioner filed a Motion to Amend Petition for a Writ of Habeas Corpus on June 14, 2019, to add a request for reinstatement of his good time credits (Doc. No. 3). The Motion to Amend is granted, and the Court will consider his proposed amendment along with this original Petition.

**I. Background**

On September 2, 2016, staff members at FCI Manchester in Manchester, Kentucky discovered a Verizon Samsung cellular telephone in a fire extinguisher cabinet in Petitioner's housing unit. The phone was locked with a passcode, so it was sent to the Federal Bureau of Prisons ("BOP") to be decrypted and screened. The BOP screening determined the phone had been used to

send and receive 29 calls and 56 text messages. Several of those calls were placed to a particular number that was linked to Petitioner through Tru-view. A female using that number had sent $200 to Petitioner's trust account. The phone number was not listed on any other inmate's visiting, email, or phone lists, or associated with any money transactions to other inmates' accounts. Petitioner identifies that female as his wife's sister and acknowledges that the phone number is her number.

Petitioner was charged with a conduct violation of possession of a hazardous tool (cell phone) on September 25, 2016. The initial report listed the date of the incident as September 2, 2016. That report was revised and the new report indicated the phone was found on September 22, 2016. He received a copy of the conduct report on September 25, 2016. On October 5, 2016, the Disciplinary Hearing Officer found Petitioner had committed the prohibited act.

Petitioner appealed this decision. At some point during the appeals process, he was transferred to FCI Gilmer. The BOP Regional Director reversed the decision, indicating the different dates of the incidents listed on the conduct reports created a notice issue. The Regional Director instructed the FCI Gilmer Warden to rewrite the conduct report and recommence the disciplinary process once the new report was issued to Petitioner. Petitioner was transferred to FCI Elkton, and staff at that institution rewrote and issued the new conduct report with input from FCI Manchester staff.

Petitioner received a new disciplinary hearing at FCI Elkton on April 3, 2017. He received advanced notice of the charges on January 11, 2017, and was advised of his rights at the hearing on January 12, 2017. Petitioner requested the assistance of a staff member and Chief Chaplain G. Johnson appeared with him. All of the inmate witnesses were housed at other BOP institutions; however, FCI Elkton staff contacted the unit managers at those institutions to interview those

2

inmates. Petitioner told the Disciplinary Hearing Officer at FCI Elkton that FCI Manchester staff falsely accused him of the offense in retaliation for grievances he filed against them. The Disciplinary Hearing Officer considered the original forensic report prepared by the BOP detailing the data on the cell phone, Petitioner's Tru-View records showing the same phone number linked to a monetary transaction on his trust account, and wrote an extensive report finding Petitioner had committed the offense. He sanctioned Petitioner to 30 days of disciplinary segregation, which Petitioner had already served at FCI Manchester, loss of commissary privileges for 180 days, loss of telephone privileges for 180 days and loss of visitation privileges for 90 days. All loss of privileges sanctions were deemed to have begun in October 2016. In addition, 41 days of good time credits were disallowed. The BOP upheld these findings and sanctions on appeal.

Petitioner has now filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 contesting this disciplinary hearing. Specifically, he claims he was denied the effective assistance of a staff representative because Johnson did not file proper paperwork, leaving the door open for staff members to retaliate against him, and did not investigate all the telephone company records of all of the telephone numbers found in the cell phone's history. Finally, he claims he was denied due process because FCI Manchester and FCI Elkton staff were permitted to amend the conduct report after it was originally issued to him. He asks this Court to rescind the conduct report, lower his security classification and restore his good time credits.

## II.     Standard of Review

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to

prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

### III. Analysis

The Court's ability to review prison disciplinary proceedings is limited. District courts have no authority to review a disciplinary committee's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for the Court to determine is whether the hearing complied with the basic requirements needed to satisfy due process. The standard is not a difficult one to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972).

4

Furthermore, prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in such disciplinary proceedings. *Id*. at 569-70.

Due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* The Disciplinary Hearing Officer is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a Disciplinary Hearing Officer may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id*. at 457.

In this case, Petitioner had no right to counsel at the disciplinary hearing and there is no suggestion he was denied due process. He does not maintain he was denied sufficient notice of the charges or the opportunity to call witnesses. After the hearing, he was given a very lengthy written statement by the Disciplinary Hearing Officer detailing the reasons for the disciplinary action and the evidence relied upon to reach the finding of guilt. Moreover, there is some evidence to support the finding of guilt. While Petitioner disputes the DHO's resolution of factual issues and his finding of guilt, he has not sufficiently demonstrated he was denied due process. Further, none of the facts alleged regarding lack of adequate staff for his hearing or his contention that it was not proper that he was given a new conduct report upon being transported from one Bureau of Prisons facility to another rise to the level of a constitutional violation.

**IV. Conclusion**

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is hereby dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.<br>UNITED STATES DISTRICT JUDGE

July 19, 2019